UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE BROOM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 14-04153-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 6, 2014, Kenneth Wayne Broom ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on September 10, 2014. On March 9, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 55-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on February 16, 2012, alleging disability beginning August 15, 2010. (AR 12.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 15, 2010, the alleged onset date. (AR 15.)

Plaintiff's claims were denied initially on July 24, 2012. (AR 12.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alexander Weir, III on February 11, 2013 in Los Angeles, California. (AR 12.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 12.)[1] Vocational Expert ("VA") Susan D. Green also appeared and testified at the hearing.

The ALJ issued an unfavorable decision on April 3, 2013. (AR 12-25.) The Appeals Council denied review on April 17, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's obesity.
2. Whether there is an inconsistency between the Dictionary of Occupational Titles ("DOT") and the ALJ's holding that Plaintiff can perform the jobs of a hand packager and an industrial cleaner.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

---

[1] At the hearing the ALJ ruled that the record would remain open for one week, until February 19, 2013, for the Claimant to submit additional medical evidence. As the Claimant did not submit any additional evidence, the ALJ concluded that there was no further relevant medical evidence and that the administrative record was complete. (AR 12.)

924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

3

746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

# THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 15, 2010, the alleged onset date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: back disorder; and mood disorder, not otherwise specified (NOS) (20 C.F.R. §§ 404.1520(c) and 416.920(c)). (AR 15-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18-19.)

The ALJ then found that Plaintiff has the RFC to perform medium work with the following additional non-exertional limitations:

> Claimant can lift and carry 50 pounds occasionally and 25 pounds frequently. Claimant can stand and walk for 6 hours in an 8-hour workday, and can sit for 6 hours in an 8-hour workday, with normal breaks. Claimant can engage in postural activities (bending, stooping, crouching, crawling) frequently. Claimant has seizure precautions and must avoid working at unprotected heights, around moving machinery and other workplace hazards and also avoid open bodies of water. Claimant also has moderate limitations in his ability to maintain attention and concentration. He has no other limitations. He is thus capable of a reduced range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c).

(AR 19-23.) In determining the above RFC, the ALJ made an adverse credibility determination which Plaintiff does not challenge here. (AR 22.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a construction worker. (AR 23.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in

significant numbers in the national economy that Claimant can perform, including the jobs of hand packager and industrial cleaner. (AR 24-25.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 25.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered Plaintiff's obesity. The ALJ's RFC is supported by substantial evidence.

Additionally, the ALJ's determination at step five of the sequential process that Plaintiff can perform the hand packer job is not inconsistent with his RFC or the Dictionary of Occupational Titles ("DOT"). The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED PLAINTIFF'S OBESITY

Plaintiff contends that the ALJ failed to consider Plaintiff's obesity at each level of the sequential process in accordance with SSR 02-01p, 2002 WL 34686281. The Court disagrees that the ALJ erred.

There is medical evidence of obesity. There are numerous entries or treatment notes documenting Plaintiff's height and weight. Claimant self-reported his height at 70 inches and his weight at 240 pounds. (AR 52, 71.) Consulting internist Dr. Michael Wallack reports on June 19, 2011 that Plaintiff was 71 inches and 247 pounds. (AR 290.) Treatment notes at other times indicate weight of 264 pounds (AR 331) or 245 pounds. (AR 374.) His weight on each of these occasions satisfies the Body Mass Index (BMI) score of 30.0 set forth in SSR 02-1p for determining obesity. Plaintiff, however, never raised obesity in his application or at the hearing. He raises it here for the first time.

Obesity is not itself disabling and is no longer a listed impairment. See Revised Medical Criteria For Determination Of A Disability, Endocrine System And Related Criteria, 64 Fed. Reg. 46122 (effective October 25, 1999) (de-listing 9.09 "Obesity" from Appendix 1, Subpart P of Part 404). Nonetheless, an ALJ generally must consider or

determine the effect of a claimant's obesity on his or her other impairments, ability to work and health.

Plaintiff relies on Celaya v. Halter, 332 F.3d 1177 (9th Cir. 2003), which held that the ALJ in that case should have considered obesity as a disabling factor in the sequential analysis, even though not explicitly raised by the claimant, because (1) obesity was raised implicitly in the claimant's report of symptoms, (2) Celaya's obesity was at least close to the listing criterion and was a condition that could exacerbate other reported impairments, and (3) Celaya's lack of representation should have alerted the ALJ to the need to develop the record further. Id. at 182.

Celaya's reach, however, was limited by the Ninth Circuit in Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005), which held that the failure to consider obesity at step two was no error where there was no evidence that claimant's obesity exacerbated other impairments and claimant was represented by counsel. Id. at 682. Burch also held that the ALJ did not err in failing to consider a claimant's obesity at step three because "[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination unless the claimant presents evidence in an effort to establish equivalence." Id. at 683. The Ninth Circuit found no reversible error in the ALJ's failure to discuss how Claimant's impairments equaled a listing because there was no evidence that Claimant's obesity limits her functioning. Id. Burch also found no error in the ALJ's RFC because there was no evidence of any functional limitations due to obesity that the ALJ failed to consider. Id. at 684.

This case is more like Burch than Celaya. Plaintiff, who was represented by counsel, never alleged that his weight caused disability or increased his symptoms, either in his application or at the hearing, and never presented any evidence to establish that Claimant's impairments meet or equal a listing. There also is no medical evidence in the record establishing that Plaintiff's excess weight has resulted in any functional limitations that the ALJ did not consider or recognize in his RFC. There is no medical

evidence that would establish any functional limitations that the ALJ did not consider. Dr. Wallack, the consulting internist, acknowledged Plaintiff's height and weight but nonetheless assessed a medium work RFC with limitations. (AR 20.) Dr. Sohn, the State reviewing physician, also assessed a medium RFC after reviewing the medical evidence of record. (AR 22.) No physician assessed limitations that would preclude all work. In accordance with Burch, there was no error.

The ALJ's RFC is supported by substantial evidence.

## II. THERE IS NO DOT INCONSISTENCY WITH THE ALJ'S DETERMINATION THAT PLAINTIFF CAN PERFORM THE HAND PACKAGER JOB

Plaintiff contends that the ALJ's step five determination that Plaintiff can perform the job of hand packager conflicts with the DOT. The Court disagrees.

### A. Relevant Federal Law

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given his RFC, age, education and work experience. 20 C.F.R. § 416-912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000). ALJ's routinely rely on DOT "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). DOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1998). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the [Dictionary of Occupational Titles]")). In order to accept vocational expert testimony that contradicts DOT, "the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). The ALJ must obtain a reasonable explanation for the

variance and then must decide whether to rely on the VE or DICOT.  See Pinto, 249 F.3d at 847.  Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from DOT.  Massachi, 486 F.3d at 1154 n.19.

**B.    Analysis**

At step five of the sequential process, the ALJ determined that Plaintiff can perform jobs that exist in the national economy in significant numbers.  (AR 24.)  Specifically, the ALJ found that Plaintiff could perform the job of hand packager (DOT.587-018), which is unskilled medium exertion work.  (AR 24.)  There are 10,000 hand packager jobs locally and 160,000 nationally.  (AR 24.)

Plaintiff contends that the hand packager job is inconsistent with the ALJ's RFC limitations which include a direction that Plaintiff "must avoid working . . . around moving machinery." (AR 19.)  According to the DOT job description 920.587-018 (1991 WL 687916), the duties of a hand packager include, "Starts, stops, and regulates speed of conveyor."  As the Commissioner points out, however, the packaging job does not require working on or at the conveyor belt in front of or in close proximity to the conveyor belt.  There is support for the Commissioner's position in the DOT job description that states, "Moving Mech.Parts: Not Present - Activity of condition does not exist."  (DOT 920.587-018.)  Plaintiff does not respond to the Commissioner's position.  Plaintiff's counsel did not explore the issue with VE Susan Green at the hearing.  The ALJ did err in failing to ask the VE if there was any variation from DOT in her testimony regarding the hand packager job but the error was harmless because there was no conflict.[2]

---

[2] Plaintiff also challenged the ALJ's determination that Plaintiff could perform the job of industrial cleaner (DOT 381.687-018).  The Commissioner does not respond to Plaintiff's contention and the Court assumes the Plaintiff's contention is sound, and both the VE and ALJ erred in putting forth the industrial cleaner job as a representative occupation.  This error, however, is harmless in view of the fact that the hand packager job provides a sufficient number of jobs to satisfy the Commissioner's burden at step five of the sequential process. Massachi, 486 F.3d at 1154 n. 19; Carmickle, 553 F.3d at 1162-63.

Massachi, 486 F.3d at 1154 n. 19; Carmickle v. Comm'r Soc. Sec. Adm., 553 F.3d 1155, 1162-63 (9th Cir. 2008).

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 13, 2015           */s/ John E. McDermott*
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE